IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TAMMY HUNTER                                                                                                    PLAINTIFF

vs.                                         Civil No. 6:16-cv-06050-BAB

NANCY A. BERRYHILL                                                                                      DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Tammy Hunter ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications for DIB and SSI on June 25, 2013. (ECF No. 10, pp. 14, 219). In her applications, Plaintiff alleges being disabled due to chronic

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

obstructive pulmonary disease ("COPD") and post-traumatic stress disorder ("PTSD"). (ECF No. 10, p. 223). Plaintiff alleges an onset date of March 2, 2009. (ECF No. 10, pp. 14, 219). These applications were denied initially and again upon reconsideration. (ECF No. 10, pp. 69-122).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (ECF No. 10, pp. 140-76). Plaintiff's administrative hearing was held on October 2, 2014, in Little Rock, Arkansas. (ECF No. 10, pp. 32-68). Plaintiff was present and was represented by Shannon Carroll. *Id.* Plaintiff and VE Dianne Smith testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c). (ECF No. 10, p. 36). As for her level of education, Plaintiff completed the eighth grade. (ECF No. 10, p. 36).

After this hearing, on January 28, 2015, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 10, pp. 11-26). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2014. (ECF No. 10, p. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 2, 2009, her alleged onset date. (ECF No. 10, p. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: COPD, carpal tunnel syndrome status-post bilateral release surgery, degenerative disc disease, PTSD, major depressive disorder, schizophrenia, and unknown substance addiction. (ECF No. 10, pp. 16-17, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 17-19, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 10,

pp. 19-24, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally stoop, crouch, kneel, crawl, and balance.  She is unable to work with ropes, ladders, or scaffolding.  She is unable to tolerate excessive exposure to dust, smoke, fumes, and other pulmonary irritants.  Non-exertionally, she is limited to work which is simple, routine, and repetitive with supervision, which is simple, direct, and concrete.  She can maintain occasional contact with coworkers and supervisors, but no contact with the public. [Plaintiff] is limited to frequent fingering and handling bilaterally.

*Id*.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW").  (ECF No. 10, p. 24, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (ECF No. 10, pp. 63-67).  Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as a compact assembler, which has a DOT code of 739.687-066, with approximately thirty-five thousand (35,000) jobs in the national economy and two thousand one hundred (2,100) jobs in the regional economy, and as a bonder, which has a DOT code of 766.685-066, with approximately twenty thousand (20,000) jobs in the national economy and two thousand five hundred (2,500) jobs in the regional economy. (ECF No. 10, p. 25, Finding 10).  Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from March 2, 2009, through January 28, 2015, the date of the ALJ's decision.  (ECF No. 10, p. 25, Finding 11).

Thereafter, on February 18, 2015, Plaintiff requested review of the hearing decision by the

3

Appeals Council. (ECF No. 10, pp. 8-10). The Appeals Council denied Plaintiff's request on April 20, 2016. (ECF No. 10, pp. 5-7). On May 19, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on May 20, 2016. (ECF No. 5). This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

4

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416(a)(4)(v).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following two arguments for reversal: (1) the ALJ failed to assess Plaintiff's listing level severity under 1.02(B) as a result of her bilateral carpal tunnel syndrome confirmed by NCS and therefore should have considered a closed period of disability through the date of her surgery on July 17, 2014; and (2) the ALJ erred in his assessment of the credibility of Plaintiff's subjective complaints. (ECF No. 11).

### A.    Credibility

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529.[3] *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *see Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *see Id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *see Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *see Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain Plaintiff experiences precludes the performance of substantial gainful activity. *see Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

      The ALJ properly applied these factors articulated in *Polaski* and gave several good reasons for finding that Plaintiff's subjective complaints were not entirely credible. First, the ALJ noted that Plaintiff continued to work during the relevant period. (ECF No. 10, p. 23). Although this work did not rise to the level of substantial gainful employment, the ALJ may consider such evidence when evaluating the credibility of Plaintiff's subjective complaints. *see Curran-Kicksey v. Barnhart*, 315 F.3d 969 (8th Cir. 2003) (holding that even part-time work is inconsistent with a claim of disability). Second, the ALJ discussed Plaintiff's lack of mental health treatment until 2014. (ECF No. 10, p. 23); *see Moad v. Massanari*, 260 F.3d 887, 892 (8th Cir. 2001) (that Plaintiff had not sought treatment from any physician in the seven months prior to the administrative hearing was relevant to the credibility of Plaintiff's subjective complaints). Plaintiff testified she was unable to afford insurance and treatment, but the ALJ also determined Plaintiff was able to afford cigarettes and continued to smoke despite her COPD, and was often noncompliant with treatment when she was receiving care. (ECF No. 10, pp. 20-23); *see Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (failure to follow a prescribed course of treatment weighs against credibility of subjective complaints); *see also Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003) ("Instead, Lewis' own actions discredit her disability allegations because she continues to smoke cigarettes daily and does not exercise); *Moad v. Massanari*, 260 F.3d 887, 892 (8th Cir. 2001) (fact that Plaintiff had not

sought treatment from any physician in the seven months prior to the administrative hearing was relevant when assessing credibility). Although financial hardship may justify a failure to receive medical care, the record does not contain evidence that Plaintiff was ever denied medical treatment due to financial reasons, nor does Plaintiff direct this court to such evidence. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005).

Finally, the ALJ discussed Plaintiff's activities of daily living and determined she had only mild limitation. The ALJ noted Plaintiff's testimony that she could drive, shop for groceries with a friend once a week, prepare meals, do laundry, and wash dishes. (ECF No. 10, p. 20). He also noted Plaintiff indicated she had no difficulty attending to her personal care and that she was able to manage her own funds. *Id.* at 20, 239-46. The ALJ did not entirely discount Plaintiff's subjective complaints. (ECF No. 10, p. 23). For example, despite Plaintiff's testimony that "depression was her most severe impairment, followed by her breathing issues, and lastly her back pain," and that "[s]he did not include the problems with her hands," the ALJ limited Plaintiff to frequent bilateral fingering and handling as opposed to constant. (ECF No. 10, pp. 19, 23).

I find substantial evidence supports the ALJ's credibility assessment and because the ALJ provided multiple valid reasons for discounting Plaintiff's subjective complaints, I defer to the ALJ's credibility determination. *see Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### B. Listing 1.02(B)

The claimant bears the burden of proving her impairment meets or equals the criteria for a specific listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). "For a claimant to show

8

that his impairment matches a listing, it must meet all of the specified medical criteria." *Brown ex rel. Williams v. Barnhart*, 388 F.3d 1150, 1152 (8th Cir. 2004)(internal quotations and citation omitted). Where the claimant suffers from an unlisted impairment, the ALJ must compare the claimant's impairment with an analogous listed impairment. 20 C.F.R. §§ 404.1526, 416.926. Furthermore, the question is whether the ALJ "consider[ed] evidence of a listed impairment and concluded that there was no showing on th[e] record that the claimant's impairments . . . m[et] or are equivalent to any of the listed impairments." *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006) (internal quotations omitted). While it is preferable an ALJ address a specific listing, the failure to do so is not reversible error if the record supports the overall conclusion. *see Pepper ex rel. Gardner v. Barnhart*, 342 F.3d, 853, 855 (8th Cir. 2004), *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001); *see also Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011)("There is no error when an ALJ fails to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record.").

Plaintiff specifically contends she met the criteria of Listing 1.02(B). (ECF No. 11). Listing 1.02(B) requires as follows:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> . . .
>
> B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R., Part 404, Subpt. P. App. 1 § 1.02(B). Section 1.00(B)(2)(c) defines the inability to

perform fine and gross movements effectively as follows:

> c. What we mean by inability to perform fine and gross movements effectively. Inability to perform fine and gross movements effectively means an extreme loss of function of both upper extremities; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. To use their upper extremities effectively, individuals must be capable of sustaining such functions as reaching, pushing, pulling, grasping, and fingering to be able to carry out activities of daily living. Therefore, examples of inability to perform fine and gross movements effectively include, but are not limited to, the inability to prepare a simple meal and feed oneself, the inability to take care of personal hygiene, the inability to sort and handle papers or files, and the inability to place files in a file cabinet at or above waist level.

20 C.F.R., Part 404, Subpt. P. App. 1 § 1.00B(2)(c).

Substantial evidence in the record supports that Plaintiff did not meet the criteria of Listing 1.02(B) because she does not suffer an impairment involving a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively as defined by the Regulations. The ALJ determined Plaintiff was able to perform household chores, drive a vehicle, shop for groceries, cook meals, and had no problems attending to her personal care. (ECF No. 10, p. 20). Plaintiff testified she worked part-time for a dry-cleaning company operating the dry-cleaning machines, bagging clothes, and assisting with the front counter in 2012. (ECF No. 10, pp. 37-39, 210). Dr. Shajaat performed a general physical examination of Plaintiff on August 19, 2013. (ECF No. 10, pp. 457-62). Dr. Shajaat determined Plaintiff's range of motion in her wrists and hands was within normal limits, her grip strength was normal, she could hold a pen and write, touch her fingertips to her palm, oppose her thumbs to her fingers, and pick up a coin. (ECF No. 10, pp. 459-60). Plaintiff underwent carpal tunnel release surgery on both hands in 2014, prior to her administrative hearing. (ECF No. 10, pp. 488-90). While Plaintiff's carpal tunnel syndrome is a severe impairment, substantial evidence supports the AJ's conclusion that it resulted in only mild

limitations, rather than the extreme loss of function of both upper extremities required by the Listings critera. (ECF No. 10, pp. 19-24).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of July 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE